UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4835

THOMAS DANIEL MALLOY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4836

THOMAS DANIEL MALLOY,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-96-701, CR-97-292-JFA,JR.)

Submitted: May 19, 1998

Decided: June 24, 1998

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Mar-

shall Prince, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Daniel Malloy ("Malloy") pled guilty to charges arising out of two separate bank robberies. He now appeals the district court's enhancement of his offense level for these convictions pursuant to U.S.S.G. § 3C1.1 ("§ 3C1.1"). **1** Finding no error, we affirm.

In November 1996, Malloy was charged with armed bank robbery in violation of 18 U.S.C.A. §§ 2113(a), (d) (West Supp. 1998) and use of a firearm during a crime of violence in violation of 18 U.S.C.A. § 924(c) (West Supp. 1998). These charges arose out of the September 1996 robbery of a Columbia, South Carolina, bank and were brought in a single indictment in the District Court for the District of South Carolina. In April 1997, Malloy transferred from the Eastern District of Texas to the District of South Carolina another indictment for armed bank robbery, use of a firearm during a crime of violence, and conspiracy to commit bank robbery for entry of a guilty plea to those charges.

Malloy pled guilty to the charges in the South Carolina indictment in February 1997 and to the Texas charges in June 1997. In October 1997, the district court sentenced Malloy to 260 months imprisonment to be followed by five years of supervised release. In computing this sentence, the district court increased the base offense level by two levels for attempted obstruction of justice pursuant to § 3C1.1. This enhancement was based on evidence that Malloy had written a letter

_____

**1** U.S. SENTENCING GUIDELINES MANUAL (1996).

2

to an ex-fellow inmate, Michael Goodson ("Goodson"), in furtherance of a plot between Goodson and Malloy to help the latter escape from the Orangeburg County, South Carolina, jail (the"jail"). In addition, the district court denied Malloy's request for a downward adjustment of his offense level for acceptance of responsibility, as allowed under U.S.S.G. § 3E1.1 ("§ 3E1.1"). Malloy now appeals his sentence and presents two grounds for vacating the district court's sentence. We consider each in turn.

First, Malloy argues that the district court erred in finding that he was the author of the letter to Goodson. We review this factual determination for clear error,**2** and decline to vacate the district court's sentence on this ground.

Malloy invites us to consider the "totality of the evidence offered or not offered by the government," which he argues will show that "the government did not offer reliable evidence to prove, even by a preponderance, that he [Malloy] sent the letter containing an alleged escape plan."**3** Malloy alleges that the district court's finding that he wrote the letter was deficient in that it failed to avail itself of two potential sources of information: Goodson, who was never called as a witness, and expert handwriting analysis, which was never performed on the letter. We disagree.

The district court based its determination that Malloy wrote the letter on two pieces of evidence: first, the testimony of Special Agent John Taylor ("Taylor") of the Federal Bureau of Investigation regarding his interviews of Goodson; and second, a comparison of the handwriting in the letter, which Malloy argues is not his, with the handwriting on the envelope that contained it, which Malloy admitted at the sentencing hearing was his.**4** Malloy concedes that Taylor's hearsay testimony was admissible,**5** and thus we consider only the sufficiency of the evidence relied on by the district court in determining that Malloy wrote the letter.

_____

**2** **See United States v. Blake**, 81 F.3d 498, 503 (4th Cir. 1996).
**3** Appellant's Br. at 14.
**4** **See** J.A. at 106 (sealed).
**5** Appellant's Br. at 12 (citing United States v. Terry, 916 F.2d 157, 160 (4th Cir. 1990)).

In order to withstand clear error analysis, the district court's determinations of facts underlying its application of the Sentencing Guidelines must be supported by a preponderance of the evidence.**6** Both Taylor's testimony and a comparison of the letter and the envelope that contained it were sufficient to support the district court's finding that Malloy wrote the letter. In addition, the district court was not obliged to consider any further evidence, especially with regard to its comparison of the letter and the envelope, as Fed. R. Evid. 901(b)(3) permits a trier of fact to base an opinion as to authenticity upon a comparison of a questioned piece of evidence and an authenticated piece of evidence.**7** Therefore, we find no clear error in the court's conclusion that Malloy was the author of the letter. Accordingly, we decline to vacate Malloy's sentence on this ground.

Next, Malloy argues that the district court erred in its legal determination that he attempted to obstruct justice. Malloy asserts that the evidence proffered by the Government--Taylor's testimony, the letter, and a detailed map of the jail that the Government claims was sent with the letter--were not sufficient to show attempted obstruction of justice under § 3C1.1. We disagree.

Section 3C1.1 provides for a two-level enhancement in offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."**8** One of the types of conduct to which this enhancement applies is "escaping or attempting to escape from custody before trial or sentencing."**9** Malloy contends that, even if he did write to Goodson as the court found, such action did not constitute an attempt to escape.

However, we hold that, under this circuit's definition of attempt, Malloy's actions constituted an attempt to escape. We have defined the elements of attempt as:

_____

**6** **See United States v. Crump**, 120 F.3d 462, 468 (4th Cir. 1997).

**7** **See United States v. Dozie**, 27 F.3d 95, 98 (4th Cir. 1994).
**8** U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (1996).

**9** U.S.S.G. § 3C1.1, comment. (n.3(e)).

4

> (1) culpable intent to commit the crime charged; and

> (2) a substantial step towards the completion of the crime that strongly corroborates that intent.**10**

Here, the district court properly found Malloy had an intent to escape and that he took a "substantial step" toward that end. Malloy actively enlisted Goodson, someone outside the jail, to help with his escape and arranged with Goodson a time and a place for the escape to occur. Moreover, Malloy sent to Goodson detailed instructions and a map to aid in the escape.

We have also stated that, in determining whether an attempt has been made, a "substantial step" is "more than mere preparation, yet . . . less than the last act necessary before the actual commission of the substantive crime."**11** Considering the district court's findings of fact, we hold that Malloy took such a "substantial step," for indeed, all that remained to be done after Malloy sent the letter to Goodson was the escape itself. Therefore, we hold that the district court's findings clearly supported its conclusion that Malloy attempted to escape from the jail.

The Government also urges affirmance of the district court's denial of a downward adjustment of Malloy's offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. However, Malloy does not raise this issue in his brief, and therefore we decline to address it here. Accordingly, we will not disturb the district court's determination in this regard.

For these reasons, we affirm the district court's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

_____

**10** **<u>See United States v. Neal</u>**, 78 F.3d 901, 906 (4th Cir. 1996) (citations omitted).

**11** **<u>United States v. Sutton</u>**, 961 F.2d 476, 478 (4th Cir. 1992) (quotations omitted).

5